UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINETTE THOMAS ET AL | CIVIL ACTION NO. 6:23-CV-00931 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF OPELOUSAS ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Now before this Court is DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO SATE A CLAIM filed by the City of Opelousas, Mayor Julius Alsandor, and Chris Rideau (collectively, "Defendants") (Rec. Doc. 15). In response to this motion, Plaintiffs Antoinette Thomas, personally and on behalf of the Estate of Kevin Thomas, Zsyriel Bell, Kevin Thomas, Jr., and Kee Shon Thomas, (as heirs of Kevin Thomas, Sr. and collectively referred to as "Plaintiffs") filed a MOTION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT TO CORRECT COMPLAINT IN OPPOSITION TO DEFENDANT'S [SIC] MOTION TO DISMISS UNDER FRCP 12(B). (Rec. Doc. 21). Defendants then filed THE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO SATE A CLAIM. (Rec. Doc. 23). Plaintiffs did not file an opposition.

The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, it is recommended that Defendants' first Motion to Dismiss (Rec. Doc. 15) be GRANTED IN PART and DENIED IN PART, Plaintiffs'

Motion for Leave to File Amended Complaint (Rec. Doc. 21) be DENIED, and Defendants' second Motion to Dismiss (Rec. Doc. 23) be DENIED AS MOOT.

## Factual and Procedural Background

This case arises out of a tree cutting incident in July 2022[1] at South City Park in Opelousas, Louisiana, resulting in the death of Kevin Thomas, Sr. Plaintiffs allege that Thomas was attempting to cut down a tree "in accordance with a contractual agreement he entered into with Defendants" when a large branch swung and hit the "bucket truck" from which he was working, throwing him out of the bucket and causing him to fall face first approximately 30-50 feet to the ground. (Rec. Doc. 21-1 at ¶¶4.1, 4.2).

Plaintiffs filed the instant suit *in forma pauperis* seeking recovery for Thomas' alleged wrongful death and his associated survival action and asserted causes of action for negligence, gross negligence, and breach of contract against the City of Opelousas, Mayor Julius Alsandor (in his personal capacity and his official capacity as Mayor of the City Opelousas), Chris Rideau (a manager/supervisor of parks for the City of Opelousas), and XYZ Insurance Co. (Rec. Doc. 1 at ¶¶ 5.1 – 5.5). The original Complaint further alleges that this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332 "because one of the parties is completely diverse, and the amount in controversy exceeds $75,000.00." (Rec. Doc. 1 at ¶2.2). The Complaint alleges that plaintiffs Antoinette Thomas, Kevin Thomas, Jr., and Kee Shon Thomas

---

[1] The original Complaint states that the incident occurred on July 7, 2022 (Rec. Doc. 1 at ¶4.1). The proposed Amended Complaint states that the incident occurred on July 13, 2022. (Rec. Doc. 21-1, at ¶4.1).

2

are Louisiana residents, that defendant City of Opelousas is a political subdivision of the State of Louisiana, and that defendants Alsandor and Rideau are Louisiana residents. (Rec. Doc. 1 at ¶1).

Defendants then filed a motion to dismiss pursuant to Rules 12(b)(1) and (b)(6). (Rec. Doc. 15). Particularly, Defendants contend that because at least one of the plaintiffs and one of the defendants are citizens of the same state, i.e., Louisiana, the complete diversity rule is not satisfied. (Rec. Doc. 15-1, at p. 4). Defendants also argue that because Plaintiffs failed to file suit in a court of competent jurisdiction and venue within one year of the date that the alleged injuries were sustained, prescription was not timely interrupted, and the Plaintiffs' claims have prescribed. (Rec. Doc. 15, p. 1).

In response, Plaintiffs filed a MOTION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT TO CORRECT COMPLAINT IN OPPOSITION TO DEFENDANT'S [SIC] MOTION TO DISMISS UNDER FRCP 12(B). (Rec. Doc. 21). The proposed amended complaint alleges that the Court has jurisdiction based on 28 U.S.C. §1331, §1343, and §1367 because "the action is brought pursuant to 42 U.S.C. § 1983 and the claims arise under federal law, the Constitution, and treaties of the United States." (Rec. Doc. 21-1 at ¶2.1).

Defendants then filed a second Motion to Dismiss (Rec. Doc. 23) asserting that Plaintiffs seek to transform this tort action into a constitutional claim under the Fourteenth Amendment in order to manufacture jurisdiction which does not exist. (Rec. Doc. 23 at p. 1, 2). Any opposition to this motion was due January 11, 2024. (Notice of Motion Setting, Rec. Doc. 24). Plaintiffs did not oppose this motion.

## Analysis

**A. Rule 12(b)(1)**

A motion pursuant to Rule 12(b)(1) challenges a district court's subject matter jurisdiction to hear a case. When considering such a motion, a court may base its jurisdictional finding upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting federal jurisdiction "constantly bears the burden" of proving its existence. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1996)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Block v. Texas Bd. of Law Examiners*, 952 F.3d 613, 616 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming v. United States,* 281 F.3d at 161. The court's dismissal of a plaintiff's case because the court lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's

jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) *cert. denied*, 102 S. Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413.

Here, Defendants make a facial challenge to the complaint, asserting that because the parties are not completely diverse, the Court has no jurisdiction over this matter. Plaintiffs, who are represented by counsel, do not dispute this allegation and in fact set forth the citizenship of the parties in the complaint, specifically noting that three of the four plaintiffs and all named defendants are domiciled in Louisiana. Defendants suggest that this matter should be dismissed with prejudice because Plaintiffs failed to file suit in a court of competent jurisdiction and venue within one year of the date that the alleged injuries were sustained, that prescription was not timely interrupted, and that Plaintiffs' claims have prescribed. (Rec. Doc. 15, p. 1). The Court assumes that Defendants are referring to Louisiana's general rule of a one-year prescriptive period for delictual actions in effect at the time, LA. CIV. CODE. ANN. art. 3492; however, Plaintiffs also assert breach of contract claims which have a longer prescriptive period under Louisiana law. (Rec. Doc. 1 ¶5).

As noted above, in response to Defendants' first motion, Plaintiffs filed a MOTION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT TO CORRECT COMPLAINT

5

IN OPPOSITION TO DEFENDANT'S [SIC] MOTION TO DISMISS UNDER FRCP 12(B). (Rec. Doc. 21). The proposed amended complaint alleges that the Court has jurisdiction based on 28 U.S.C. §§ 1331, 1343 and 1367 because "the action is brought pursuant to 42 U.S.C. § 1983 and the claims arise under federal law, the Constitution, and treaties of the United States." (Rec. Doc. 21-1 at ¶2.1). Plaintiffs further allege that the actions of Alsandor and Rideau were under color of state law and that Defendants:

> were all engaged in negligent acts, which include failure to implement "fall protection" system, the omissions of several mandatory regulations and industry standards set within the **Occupational Safety and Health Act of 1970 (OSHA)** guidelines, and the Breaching of the employment Contract/Agreement with decedent **KEVIN THOMAS, SR.** that resulted in the injuries, damages, wrongful death of decedent **KEVIN THOMAS, SR.** and survival actions suffered by Complainant, **ANTOINETTE THOMAS, (personally and on behalf of the Estate of KEVIN THOMAS),** Complainant, **ZSYRIEL BELL**, Complainant, **KEVIN THOMAS, JR.**, and Complainant, **KEE' SHON THOMAS**.

(Rec. Doc. 21-1 at ¶5.1). Plaintiffs also assert that pursuant to 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), Defendants "violated Kevin Thomas, Sr.'s 14th Amendment right to due process by depriving him of life through deliberate indifference for safety, failure to establish proper safety policies and oversight, failure to act to address known dangers that directly lead to deprivation of his life without due process, when they failed to ensure a safe working environment." (Rec. Doc. 21-1 at ¶5.7).

The Complaint then alleges facts that it contends "will have evidentiary support after a reasonable opportunity for further investigation or discovery." (Rec. Doc. 21-1 at ¶¶ 5.2). These include the following allegations.

<u>The City of Opelousas and Mayor Alsandor</u> –

> [A] policy or custom in which the policymakers had knowledge and were aware of prior injuries/accidents involving employees and contractors, due to their lack of training, lack of supervision and/or the lack implementing policies and procedures to ensure a safe work environment, but failed to act on the information…. which led to deprivation of his life without due process.

<u>Mayor Alsandor</u> –

I. [I]ndifference to worker's safety, enabled him to contract with various workers without implementing any policy or procedures to determine a worker's, certifications, qualifications, safe usage of equipment, and/or whether the equipment was safe.
II. [F]ailure to implement policies, procedures and training that would provide safe working conditions and proper oversight of work environments that were free of known dangers and recognizable hazards that were likely to cause death or serious physical harm.
III. [D]eliberate indifference to worker's safety led directly to unsafe conditions, improper operation of equipment, and lack of adequate safeguards, which ultimately resulted in a contract worker being severely injured and dying.
IV. [Failure to implement] any requirements for a 'fall protection' system or mandatory personal protection equipment to be worn. There was no policies, procedures, and enforcement measures provided to employees or workers to provide proof of training and certification to use the dangerous heavy equipment or receive mandatory training in the various precautions and safe practices in using such equipment in order to ensure that employees or contractors are not engaging in workplace activities that are unsafe and may cause them harm.
V. [Failure to s]upervise his workers for the City and require all employers to keep their work places free of recognized

> serious hazards by implementing feasible means to abate them. This failure by the Mayor to emplement (*sic*) such policies and regulations, was reflective of his policy and/or custom in creating a safe work environment.
>
> VI. [L]ack of adopting, implementing, enforcing and complying with the regulations and industry standards is reflective of a policy choice by the municipality's policy makers and the Mayor to ignore or ratify unsafe practices and failed to protect, KEVIN THOMAS, SR., from conditions that they knew, and/or should have known, created an unreasonable risk of harm in the work environment."
>
> Chris Rideau –
> [F]ailure to supervise the work being done by KEVIN THOMAS, SR. and observed KEVIN THOMAS, SR. working in a unsafe and hazardous manner, and failed mandate that KEVIN THOMAS, SR. comply with the safety standards established to prevent serious bodily injury. Instead of demanding compliance of the safety standards, Co-Defendant, CHRIS RIDEAU did not do or say anything to KEVIN THOMAS, SR.

(Rec. Doc. 21-1 at ¶¶ 5.2, 5.3, 5.3.1).

In response, Defendants filed a second Motion to Dismiss. (Rec. Doc. 23). Particularly regarding subject matter jurisdiction, Defendants allege that "in an effort to manufacture jurisdiction, the Plaintiffs now seek to transform this tort action into a constitutional claim under the Fourteenth Amendment" and further argue:

> In essence, the Plaintiffs allege the Defendants' negligence violated Kevin Thomas, Sr.'s due process rights via deliberate indifference to his safety and a failure to establish proper safety procedures and policies. The Plaintiffs further allege that "final policymakers" knew of the alleged danger, but "through their widespread custom and practice of ignoring and failing to act upon safety issues," the Defendants failed to institute proper safety policies or procedures.

8

(Rec. Doc. 23 at p. 1, 2). Thus, Defendants argue that because no constitutional issue is implicated, this court lacks subject matter jurisdiction. (*Id.*). This Court agrees.

### B. Leave to Amend

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir.2005) (citation and internal quotation marks omitted). Leave to amend is in no way automatic, but the district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* (citation and internal quotation marks omitted).

The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party ... and futility of the amendment." *Id*. (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted). However, when the justification for the denial is "readily apparent," a failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." *Id*. (citation and internal quotation marks omitted).

Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id*. Therefore, we review the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citation internal and quotation marks omitted).

### C. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Negligence claims are not actionable under 42 U.S.C. § 1983. *Eason v. Thaler*, 73 F.3d 1322, 1329 n. 3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); *see also Baker v. McCollan*, 443 U.S. 137 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

In seeking leave to amend, Plaintiffs are alleging negligence and breach of contract by defendants who allegedly contracted with him to cut down a tree and did not ensure his safety. Such allegations are insufficient to give rise to a constitutional claim. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The Due Process Clause is not implicated by an official's alleged negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344, (1986). As such, Plaintiffs' allegations do not state a claim for relief under § 1983 and the amendment would be futile.

## Conclusion

For the reasons discussed herein, the Court recommends that the DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO SATE A CLAIM filed by the City of Opelousas, Mayor Julius Alsandor, and Chris Rideau (Rec. Doc. 15) be GRANTED on the grounds that this Court lacks subject matter over this matter with all claims asserted by Plaintiffs Antoinette Thomas, personally and on behalf of the Estate of Kevin Thomas, Zsyriel Bell, Kevin Thomas, Jr., and Kee Shon Thomas being DISMISSED WITHOUT PREJUDICE and the remainder of the motion being DENIED AS MOOT. The Court further recommends that the MOTION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT TO CORRECT COMPLAINT IN OPPOSITION TO DEFENDANT'S [SIC] MOTION TO DISMISS UNDER FRCP 12(B) filed by Plaintiffs (Rec. Doc. 21) be DENIED as futile and THE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO SATE A CLAIM

filed by the City of Opelousas, Mayor Julius Alsandor, and Chris Rideau (Rec. Doc. 23) be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

_____
David J. Ayo
United States Magistrate Judge

12